UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAMS ARTURO POLANCO,

                    Plaintiff,

    - against -

PROTECTIVE INSURANCE COMPANY,

                  Defendant.

Case No. 23-cv-00062 (AS) (JW)

---

**DEFENDANT PROTECTIVE INSURANCE COMPANY'S
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT**

---

LEWIS BRISBOIS BISGAARD & SMITH LLP
77 Water Street, Suite 2100
New York, New York 10005
Telephone:  (212) 232-1300

*Attorneys for Defendant*

*Of Counsel:*
    James M. Strauss, Esq.

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ............................................................................. 1

STATEMENT OF RELEVANT FACTS ................................................................ 2

ARGUMENT.............................................................................................................. 3

POINT I

PLAINTIFF'S CASELAW REFERENCES SUPPORT PROTECTIVE'S
MOTION FOR SUMMARY JUDGMENT............................................................ 3

POINT II

PLAINTIFF IMPROPERLY SUGGESTS THAT "USE OR OPERATION"
OF AN AUTO ACTS AS A SUBSTITUTE FOR SUM COVERAGE ................... 9

CONCLUSION ........................................................................................................ 10

# TABLE OF AUTHORITIES

Page

## State Cases

Matter of Continental Casualty Co. v. Lecei,
  65 A.D.3d 931 (1st Dep't 2009) (cited at Pltf. Opp. Mem. pp. 8-9)...........................................6

Faragon v. American Home Assurance Co.,
  52 A.D.3d 917 (3d Dep't 2008)..................................................................................................8

Matter of Government Employees Insurance Company v. Nakhla,
  140 A.D.3d 762 (2d Dep't 2016).................................................................................................7

Progressive Advanced Insurance Company v. Talmadge,
  206 A.D.3d 831 (2d Dep't 2022)............................................................................................7, 8

Rosado v. Harford Fire Insurance Co.,
  71 A.D.3d 860 (2d Dep't 2010) (cited at Pltf. Opp. Mem. pp. 9-12)....................................6, 7

Travelers Insurance Co. v. Youdas,
  13 A.D.3d 1044 (2d Dep't 2004).........................................................................................4, 5, 7

Matter of Travelers Property Casualty Co. v. Landau,
  27 A.D.3d 477 (2d Dep't 2006) (cited at Pltf. Opp. Mem. pp. 7-8)......................................5, 6

## Court Rules

Fed. R. Civ. P 56..............................................................................................................................1

## PRELIMINARY STATEMENT

Defendant Protective Insurance Company respectfully submits this Reply Memorandum of Law in further support of its motion for summary judgment pursuant to Fed. R. Civ. P 56, seeking dismissal of Plaintiff's Complaint in full.

The facts of this case make clear that when Mr. Polanco was struck by the Giarraffa car he was not "occupying" the FedEx truck he drove to Murray Street on the day of his accident. Indeed, the Protective policy specifically provides that for Mr. Polanco to have been "occupying" his vehicle when struck by the Giarraffa car, he had to have been struck by Mr. Giarraffa while he was "upon, entering into or exiting from" his FedEx Truck.  Factually, Mr. Polanco's own testimony makes clear that he does not meet the policy's definition for "occupying" his vehicle when he was struck by the Giarraffa car.

In response to Protective's motion for summary judgment, Plaintiff has submitted an Opposition Brief, as well as his 2023 Interrogatory responses (presumably submitted for no purpose other than to advise the Court as to the physical injuries claimed by him in this case, which alleged injuries have nothing to do with the issue of law before the Court regarding whether SUM benefits are owed to Mr. Polanco).  Notably, Plaintiff's Opposition papers fail to address any of the ample precedents cited to the Court in Protective's Opening Brief, and rather than address Protective's arguments on summary judgment, the central tenet of Plaintiff's opposition papers is merely to ask this Court to deny Protective's motion on grounds that a question of fact exists as to whether Mr. Polanco was "occupying" his FedEx truck when injured. That argument fails.

As discussed below, nothing in Plaintiff's Opposition Brief offers grounds to either deny or raise a question of fact as to Protective's motion for summary judgment.  In fact, Plaintiff's

Opposition Brief actually serves to <u>support</u> Protective's motion for summary judgment, as every case cited by Plaintiff does nothing more than bolster the merits of Protective's argument that Mr. Polanco was not "occupying" his vehicle when his accident occurred.

In summary, the facts at issue in the cases Mr. Polanco cites establish that the Plaintiffs in those cases were actually "occupying" the vehicle in question, as the Plaintiffs in those cases were injured while they were removing items from or loading items into their automobile, or they were injured while standing directly next to their vehicle after exiting their car, or they were injured as they alighted from their vehicle, or they were injured while walking back to their vehicle after a momentary stop. Here, <u>none</u> of those circumstances apply, as Mr. Polanco was not injured while loading or unloading his vehicle, was not injured while standing next to his vehicle, was not injured as he exited from his vehicle, and was not injured as he was walking to re-enter his vehicle. Given these distinguishing facts, and given the absence of any directly instructive caselaw in Mr. Polanco's favor, Mr. Polanco's claim for SUM benefits should be denied.

<b><u>STATEMENT OF RELEVANT FACTS</u></b>

The fundamental facts in this case are agreed upon by the parties. Simply stated, on the day of the accident Mr. Polanco drove his FedEx truck to the middle of Murray Street in Manhattan and parked his car at the curb, between Greenwich Street and West Street. At that time all four employees in the FedEx truck got out of the truck. **Notably, Mr. Polanco was not struck by the Giarraffa car as he alighted from the truck after parking.**

Once the FedEx truck doors were opened, approximately 50 boxes were unloaded from the FedEx truck and put on the sidewalk, along with a hand truck for each of the four employees.

2

**Notably, Mr. Polanco was not struck by the Giarraffa car as he and his co-workers took the boxes and hand trucks out of the truck.**

Next, while standing next to the truck, Mr. Polanco loaded his boxes onto a hand truck, and the other employees did the same for the deliveries they were scheduled to make. **Notably, Mr. Polanco was not struck by the Giarraffa car as he loaded boxes onto his hand truck while standing next to his truck.**

Mr. Polanco then left the sidewalk and started walking away from the FedEx Truck with his loaded handcart. **Notably, Mr. Polanco was not struck by the Giarraffa car as he immediately left the sidewalk from behind his FedEx Truck.**

Mr. Polanco chose not to use a crosswalk and began walking across the middle of Murray Street. See Strauss Decl. Exh. C at Tr. 68 (where Mr. Polanco claims "the crosswalk was blocked" due to construction – yet he seemingly made no effort to find a crosswalk available to him anywhere on Murray Street). Mr. Polanco testified that he was five feet away from the truck and as he was moving sideways from the truck he took two more steps away from the FedEx truck. **It was at that point that Mr. Polanco claims he was hit by the Giarraffa car.**

## ARGUMENT

### POINT I

### PLAINTIFF'S CASELAW REFERENCES SUPPORT PROTECTIVE'S MOTION FOR SUMMARY JUDGMENT

Plaintiff's Opposition Brief fails to apply facts to law. Instead, Plaintiff gives the Court little more than a list of myriad cases which Plaintiff claims raise a question of fact as to whether Mr. Polanco was "occupying" the FedEx truck when the Giarraffa car struck him. However, not

only do Plaintiff's cases fail to raise a question of fact in this case, but rather every case cited by Plaintiff actually supports Protective's position in this case, not Plaintiff's.

On pp. 6-7 of his Brief, Plaintiff cites to Estate of Cepeda, 37 A.D.2d 454 (1st Dep't 1971). In Cepeda, two cars were driving on the Cross-Bronx Expressway, one driven by Mr. Giron and one driven by Mr. Carey. The Giron and Carey cars collided and both cars pulled to the side of the road. As the parties and passengers in the cars were discussing the accident, a driver in a stolen car hit Mr. Carey and killed several of the passengers. The Court held that the passengers could not be considered to have terminated their status as passengers, holding that:

> [w]here the passenger alights following some temporary interruption at a place other than his destination, remains in the immediate vicinity of the vehicle and there is every reason to believe that, had it not been for the accident, he would shortly have resumed his place in the vehicle, his status as a passenger has not changed.

Id. at 455-56.

Here, Estate of Cepeda supports Protective, not Plaintiff. It is undisputed that Mr. Polanco was in the "immediate vicinity" of the FedEx Truck only when he was on the sidewalk/street loading his hand cart next to his truck, where he was not hit by the Giarraffa car. Indeed, in stark contrast to the facts of Estate of Cepeda, Mr. Polanco plainly disengaged from his truck as he testified that he walked yards away from the FedEx Truck when hit, rather than being hit "in the immediate vicinity of the vehicle" like the Plaintiffs in Cepeda. Here, given that Mr. Polanco's conduct was directly opposite that of the Plaintiffs in Cepeda, a directly opposite result from Estate of Cepeda should apply here – namely, a denial of SUM benefits to Mr. Polanco.

Also supportive to Protective's position is Travelers Insurance Co. v. Youdas, 13 A.D.3d 1044 (2d Dep't 2004), a case cited by Plaintiff on p. 7 of his Brief. In Youdas, Mr. Youdas was

4

"struck [] from behind as he was leaning into the rear of a delivery van to unload medical supplies for delivery." Id. at 1045.  Accordingly, the Second Department granted Mr. Youdas SUM benefits, holding that Mr. Youdas:

> . . . had not yet severed his connection with the van and was still vehicle-oriented at the time he was struck. . . . . Accordingly, [] we agree with petitioner [insurance company] that respondent's mere intent to return to the van and continue his journey after he had finished delivering the medical supplies would not be, in itself, sufficient to render him a passenger of the vehicle if he had otherwise severed his connection with the vehicle . . .

Id. at 1045-46.

Here, unlike the situation in Youdas, Mr. Polanco was not struck while in the process of unloading his truck in order to make his delivery.  Rather, he was struck after his truck was unloaded, after the doors to the truck were closed, and after he severed his connection to the FedEx truck by going on his way to make his delivery.  Moreover, under Youdas, Mr. Polanco's intent to return to the FedEx truck after making his deliveries does not save his claims here.  Thus, given the stark differences in this case as compared to the facts in Youdas, Youdas only strengthens Protective's motion here.

Also helpful to Protective is Plaintiff's reference to Matter of Travelers Property Casualty Co. v. Landau, 27 A.D.3d 477 (2d Dep't 2006) (cited at Pltf. Opp. Mem. pp. 7-8).  In Landau, Mr. Landau parked his car with the intent of helping his friend deliver food.  His friend, however, declined Mr. Landau's assistance and thus Mr. Landau " . . . turned and walked back to his vehicle.  As he was preparing to reenter his vehicle, he was struck from behind by a minivan driven by Nuchem Grunhut." Id. at 477.

In Landau the Court held that a question of fact was raised as to whether Mr. Landau departed from his vehicle, despite the fact that Mr. Landau appeared to have been entering his vehicle.  Regardless, however, here Mr. Polanco was not heading back to his car like the

situation in <u>Landau</u>; rather, by his own testimony, Mr. Polanco was walking <u>away</u> from his car –

a situation directly the opposite of that in <u>Landau</u>. Here, the <u>Landau</u> decision supports

Protective's position that Mr. Polanco was <u>not</u> occupying the FedEx Truck when, while walking

away from his truck on his way to make a delivery, he was hit by Mr. Giarraffa.

      Also in favor of Protective's motion is Plaintiff's reference to <u>Matter of Continental</u>

<u>Casualty Co. v. Lecei</u>, 65 A.D.3d 931, 931-32 (1st Dep't 2009) (cited at Pltf. Opp. Mem. pp. 8-9).

The facts in <u>Leici</u> were that Mr. Leici "was alighting from the truck when he was struck by a

passing motorist" (<u>id.</u> at 932). Thus, the Court concluded that Plaintiff was "occupying" the car.

Here, it is undisputed that Mr. Polanco was <u>not</u> struck by the Giarraffa car while Mr. Polanco

was exiting or entering his truck. In <u>Leici</u>, Mr. Leici plainly was in, upon, or entering or exiting

his vehicle. Here, Mr. Polanco plainly was not in, upon, or entering or exiting the FedEx Truck.

      Also favorable to Protective is Plaintiff's reference to the Second Department's decision

in <u>Rosado v. Harford Fire Insurance Co.</u>, 71 A.D.3d 860 (2d Dep't 2010) (cited at Pltf. Opp.

Mem. pp. 9-12). The facts in <u>Rosado</u> were that Mr. Rosado was hit by a truck while " . . .

standing with his feet on the pavement, reaching with his hands into a side bay of the delivery

truck to rearrange empty cases of beer." <u>Id.</u> at 860.

      Appropriately, the Second Department held that Mr. Rosado was "occupying" the vehicle

since he was putting materials into his truck. Here, however, Mr. Polanco was walking <u>away</u>

from his vehicle and was a distance at least 5 to 8 feet or more from his truck when he was struck

by Mr. Giarraffa. If reaching into a truck and getting hit by an underinsured vehicle means the

injured Plaintiff is considered "occupying" a truck, clearly a person not reaching into the truck

and walking away from the truck cannot be considered "occupying" a truck.

In his Brief, Plaintiff also cites to the Trial Court's decision in Rosado, which indicates that Plaintiff had come back to his truck after making deliveries and was putting away empty cases of beer. On page 11 of his Brief, Plaintiff characterizes the Rosado decision as the Court granting SUM benefits to a person "who was in the act of returning to his delivery truck." That characterization is misplaced, as the Appellate Division's Rosado decision focuses on the Plaintiff's proximity to his truck, not the fact that he returned to his truck. Cf. Youdas, supra. In any event, Mr. Polanco was not returning to his truck when hit.

Yet another case which highlights the merits to Protective's motion is Matter of Government Employees Insurance Company v. Nakhla, 140 A.D.3d 762, 763 (2d Dep't 2016), cited on page 12 of Plaintiff's Brief. In Nakhla, Mr. Nakhla was stopped at an intersection when a vehicle struck his taxicab. Mr. Nakhla exited the taxicab to examine the damage to his cab and the driver of the vehicle that hit his cab drove away and struck Mr. Nakhla. The Court held that Mr. Nakhla was "occupying" his vehicle given that he had alighted from the car to inspect the damage to his car, and was hit while standing at the vehicle. Unlike the situation in Nakhla, here Mr. Polanco was walking away from his vehicle, not standing next to his vehicle to inspect it nor intending to enter it.

Similarly supportive to Protective is Plaintiff's reference on page 13 of his Brief to the Second Department's decision in Progressive Advanced Insurance Company v. Talmadge, 206 A.D.3d 831 (2d Dep't 2022). In Talmadge, SUM benefits were awarded to Plaintiff under circumstances where Plaintiff was a passenger sitting in a car driven by Roy Holden, and when Mr. Holden stopped and exited the car, Defendant Katielyn Shimer drove the Holden car and injured Plaintiff either with him in the car or, "[e]ven assuming Talmadge . . . remained beside it" (id. at 832), he was hit when Ms. Shimer entered the car drove away.

Here, Mr. Polanco was not hit by his FedEx Truck, nor was he "beside" the FedEx Truck when struck by Mr. Giarraffa. Accordingly, under the facts in Talmadge, Mr. Polanco cannot be considered to have been "occupying" his FedEx Truck as he was crossing Murray Street.

Also supportive to Protective is Plaintiff's reference to Faragon v. American Home Assurance Co., 52 A.D.3d 917 (3d Dep't 2008), where the Third Department held that Plaintiff was not "occupying" his vehicle when struck by another car. The facts in Faragon are that:

> plaintiff was off-loading a 44,000 pound . . . lift from a 70-foot tractor-trailer. The procedure involved many steps, including setting out safety cones, unchaining the boom lift . . . and securing and extending axle shifts. Plaintiff had completed these steps, which he testified . . . typically took 20 to 30 minutes. He further testified that, after removing and readying the boom lift, he next trains the person renting it . . . , a procedure he estimated to take 30 to 35 minutes. He recalled during his testimony that . . . he had been training the person who was going to operate the equipment for 10 to 15 minutes when the accident occurred.

Id. at 918-19.

In analyzing whether Plaintiff was entitled to SUM coverage, the Faragon Court held as follows:

> it is inescapable that [Mr. Faragon] was no longer vehicle-oriented. His absence from the vehicle was not intended to be brief and, at the time of the accident, he was engaged in instructing the lessee about the operation of the delivered equipment. Under such circumstances, he was no longer 'occupying' his employer's vehicle.

Id. at 919.

Here, Mr. Polanco had multiple boxes to deliver. To echo the Court in Faragon, "[h]is absence from the vehicle was not intended to be brief . . ." Id. Just like the result in Faragon, Mr. Polanco also should be denied SUM benefits from Protective here.

8

## POINT II

## PLAINTIFF IMPROPERLY SUGGESTS THAT "USE OR OPERATION" OF AN AUTO ACTS AS A SUBSTITUTE FOR SUM COVERAGE

Plaintiff argues on pages 17-19 of his Opposition Brief that "occupancy" of a vehicle for SUM benefits should be interpreted comparably to the "loading and unloading" precedents related to auto coverages for bodily injury claims. Plaintiff's position is contravened by the Protective Policy.

The Policy's Business Auto Coverage Form (Strauss Decl. Exh. F at bates labels 019-030) contains different coverage terms and standards than those provided in the SUM Endorsement (id. at 073-077). Indeed, in the Business Auto Coverage Form, coverage is provided to an insured who owes ". . . damages [to another person] because of 'bodily injury' . . . caused by an 'accident' and **resulting from the ownership, maintenance or use of a covered auto.**" Id. at 020 (Section II, Coverage A) (emphasis added). In the SUM Endorsement as it relates to Mr. Polanco, "ownership" and "use" of the SUM-insured car are not at issue; rather, SUM coverage lies only if Mr. Polanco is injured by an uninsured or underinsured driver **and** he was **"occupying"** the insured vehicle when injured (id. at 073-077). In the "loading and unloading" context, "occupying" a vehicle is not a predicate for coverage under the Business Auto Coverage section of the Protective policy, and in the "SUM" context, "use" of the SUM-insured car is not a predicate for coverage in the SUM endorsement. Accordingly, the different standards between SUM coverage and "loading and unloading" coverage simply cannot be reconciled with one another.

*       *       *

As the above discussion makes clear, Plaintiff's Opposition Brief points to cases which establish that Mr. Polanco's situation is one in which he was not "occupying" his FedEx truck.

9

He was not struck by the Giarraffa car while removing boxes from the truck, nor was he struck while exiting or entering his truck, nor was he struck while standing at or next to his truck.

Here, Protective cited numerous cases in its Opening Brief which establish that Mr. Polanco severed from the FedEx truck as he walked away from the truck on his way to make deliveries. Notably, Plaintiff's Opposition Brief fails to cite to any of those cases.

Mr. Polanco has recovered $100,000 from Mr. Giarraffa's insurance policy. SUM benefits, however, should not be awarded to Mr. Polanco both as a matter of fact and as a matter of law. Factually, by Mr. Polanco's own testimony, he was not "occupying" his vehicle when he was hit by the Giarraffa car. Legally, the precedential authority pointed to both above and in Protective's Opening Brief establishes that Mr. Polanco was severed from his truck when struck by Mr. Giarraffa and undisputedly was not "occupying" the FedEx truck at the time of his accident. Accordingly, summary judgment in Protective's favor is warranted here.

## **CONCLUSION**

Wherefore, Defendant Protective's motion for summary judgment should be granted in its entirety, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
      May 23, 2024

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:_____
     James M. Strauss

77 Water Street, Suite 2100
New York, New York 10005
Telephone: (212) 232-1300
Facsimile: (212) 232-1399
File No. 29881.445

*Attorneys for Defendant*