UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAMS ARTURTO POLANCO,

                              Plaintiff,

-against-

PROTECTIVE INSURANCE COMPANY,

                              Defendant.

23-cv-62 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

## BACKGROUND

Defendant Protective Insurance Company ("Protective") issued supplemental uninsured/underinsured motorist (SUM) insurance coverage to Halo Event Group Incorporated ("Halo"), Plaintiff Williams Arturo Polanco's employer. Dkt. 36-1 ¶¶ 22, 23. Polanco sued Protective seeking SUM coverage for an accident that occurred on November 5, 2018. ¶¶ 3, 4. Protective moves for summary judgment. Dkt. 33. For the reasons stated below, Protective's motion is DENIED.

### I. Insurance Policy

Protective issued a Business Auto Declarations policy of insurance to "Certain Independent Service Providers Under Agreement with Fedex Ground Package System, Inc." ¶ 22. The policy had a SUM Endorsement. ¶ 23. As relevant here, the SUM Endorsement defines an "insured" as any "person while occupying ... [a] motor vehicle for SUM under this policy." ¶ 24. The SUM Endorsement further defines "occupying" as "in, upon, entering into or exiting from a motor vehicle." ¶ 25.

The policy and SUM Endorsement covered Halo and "[a]ny other person while occupying" a SUM-insured motor vehicle. Dkt. 32-6 at 73. The SUM endorsement provided a $1,000,000 limit on SUM coverage, with a maximum payment of the difference between the SUM limit and any payments already received by the insured for bodily injuries. *Id.* at 75, 79. The insurance policy was in effect on November 5, 2018. Dkt 32-1 ¶ 7.

### II. November 5, 2018 Accident

Polanco testified that, on November 5, 2018, he was delivering packages for Halo. Dkt. 36-1 ¶¶ 5, 6. During discovery, Polanco stated in his interrogatory responses that he parked the truck he was driving on Murray Street in a zone for commercial vehicles with a limited stopping

1

time for deliveries. Dkt. 34-1 at 5.[1] Polanco then exited the truck and loaded packages onto a hand truck. *Id.* at 6. Once the packages were loaded onto his hand truck, Polanco began to move the hand truck to the curb to organize the packages before delivery. *Id.* Polanco intended to return to the vehicle and continue his delivery route once all the packages had been delivered. *Id.*

Polanco took two steps from the truck towards the curb before being struck by a car operated by Carl Giarraffa. Dkt. 36-1 ¶¶ 2, 17. Polanco was walking sideways (away from the truck), and the car hit his lower back and his left foot got stuck under Giarraffa's car. ¶ 19. Polanco testified that after the accident he sat in his truck to recover. Dkt. 32-4 at 91. Once he was able, Polanco returned the truck to Halo, the intended final destination of his journey that day. *Id.*

### III. Underlying lawsuit

Protective consented to the settlement of Polanco's claims against Giarraffa up to Giarraffa's $100,000 policy limit. Dkt. 32-1 ¶ 14. The $100,000 payment was deducted from the SUM limit, making the maximum available SUM coverage for Polanco $900,000. Dkt. 32-6 at 75. Polanco served Protective with a demand seeking payment of the remaining $900,000 of available SUM coverage. Dkt. 32-1 ¶ 16. Protective denied the claim. ¶ 17. Polanco sued Protective, claiming that Protective breached the SUM insurance contract by refusing payment. ¶ 18. Protective denies that its policy covers the accident.

Protective filed a motion for summary judgment, arguing that Polanco was not "occupying" the vehicle at the time of the November 5, 2018 accident. Dkt. 33.

## LEGAL STANDARDS

"Summary judgment is appropriate where the record reveals that there is 'no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *McElwee v. Cnty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012) (quoting Fed. R. Civ. P. 56(a)). In determining whether there is a genuine dispute, "the court must resolve all ambiguities, and draw all inferences, against the moving party." *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006).

## DISCUSSION

Protective argues that the undisputed facts show that Polanco was not "occupying" the insured vehicle at the time of the accident and therefore is not entitled to SUM coverage as a result of the November 5, 2018 accident. Dkt. 33 at 9. The Court disagrees.

The insurance policy defines the term "occupying" as "in, upon, entering or exiting from a motor vehicle." Dkt. 32-6 at 74. Keeping in mind that New York courts afford a "liberal interpretation" to the term "occupying" for purposes of SUM coverage, *Utica Mut. Assurance Co.*

---

[1] Protective failed to respond to Polanco's counterstatement of undisputed facts, which cites to Polanco's interrogatory responses and deposition testimony. Since Polanco's counterstatement relies on admissible evidence and is uncontested, the Court accepts the asserted facts as true for purposes of this motion. *Da Mata v. City of New York*, 2023 WL 112449 at *1 n.2 (S.D.N.Y. Jan. 5, 2023).

*v. Steward*, 117 N.Y.S.3d 687, 688 (2d Dep't 2020), the Court holds that there is a genuine issue of material fact as to whether Polanco was "occupying" the vehicle at the time of the accident.

First, as Protective concedes, "occupying" under New York law doesn't mean *literally* occupying the covered vehicle. In interpreting the word "occupying," the New York Court of Appeals has instructed that "[w]here a departure from a vehicle is occasioned by or is incident to some temporary interruption in the journey and the occupant remains in the immediate vicinity of the vehicle, and, upon completion of the objective occasioned by the brief interruption, he intends to resume his place in the vehicle, he does not cease to be a passenger." *Rice v. Allstate Ins. Co.*, 295 N.E.2d 647, 649 (N.Y. 1973). In other words, an individual is still "occupying" a vehicle when there "has been no severance of connection with" the vehicle, "his departure is brief," and "he is still vehicle-oriented with the same vehicle." *Id.* In *Rice*, for example, the claimant was not "occupying" the insured vehicle because she exited the vehicle with no intention to return to it and with an "express intent ... to enter another car." *Id.* Here, by contrast, Polanco says he "intended to immediately return" to the vehicle "as quickly as possible." Dkt. 34-1 at 7. Protective does not dispute these facts.

Second, the fact that Polanco was in the process of making deliveries with his vehicle when he was struck suggests that he was "occupying" the vehicle in the New-York-law sense. In *Rosando v. Hartford Fire Insurance Co.*, for example, the plaintiff, a delivery driver, was struck by a car after he had parked his truck, turned off its engine, and made multiple trips from his truck to the bar where he was making deliveries with a hand truck. 2008 WL 4303151, at *2 (N.Y. Sup. Ct 2008), *aff'd in part, rev'd in part*, 897 N.Y.S.2d 173 (2d Dep't 2010). When he was struck, the plaintiff was standing outside his delivery vehicle and loading his hand truck to make additional deliveries. *Id.* The trial court still held that "given his prior occupancy in the vehicle, his intent to return to same and his arguably vehicle-oriented activity in … loading and unloading [the truck bays] at the time of his accident, operations which by their very nature could be deemed intrinsic to the operation of a delivery truck," the plaintiff was "occupying" the delivery truck at the time of the accident. *Id.* at *6. The Second Department affirmed, holding that "as a matter of law, [] the injured plaintiff was 'in' or 'upon' the delivery truck at the time of the accident such that he was 'occupying' the delivery truck within the meaning of the SUM endorsement." *Rosado*, 897 N.Y.S.2d at 174; *see also In re Arb. Between Travelers Ins. Co.*, 787 N.Y.S.2d 475, 476 (3d Dep't 2004) (delivery truck driver had not yet severed his connection with the vehicle and was still vehicle-oriented when he was unloading the vehicle because his conduct "was not part of a new or separate course of conduct unrelated to the vehicle"). Here too, Polanco finished loading his hand truck moments prior to being struck, remained within a few feet of the vehicle, and his conduct was related to his operation of the delivery truck.

Protective argues that Polanco was not occupying the vehicle when he was struck because he was at least "five to eight feet away from the truck" and "in the process of walking further away" when the accident occurred. Dkt. 33 at 9. This argument does not hold up. Under New York law, physical contact is not required for an individual to be "occupying" the vehicle. *See Rice*, 295

N.E.2d at 649. Instead, it is sufficient that an individual was "in, around, next to, or using" the vehicle at the time of the accident. *Kellogg v. Michigan Millers Mut. Ins. Co.*, 830 F. App'x 17, 20 (2d Cir. 2020).

Viewing the facts in the light most favorable to Polanco, the record here suggests that Polanco was in close proximity to the vehicle: Polanco had taken "one to two steps" away from his truck at the time he was struck, and "was approximately 5-feet from the back" of the truck. Dkt. 34-1 at 7. This behavior may reasonably be understood to constitute "occupying," especially in light of the liberal interpretation afforded to the term under New York law. *See Matter of Nassau Ins. Co.*, 477 N.Y.S.2d 415 (2d Dep't 1984) (taxicab driver standing outside of taxicab when he was hit by another vehicle was "occupying" the vehicle at the time of the accident); *compare Coregis Ins. Co. v. McQuade*, 779 N.Y.S.2d 497, 498 (2nd Dep't 2004) (worker was not "occupying" a vehicle because "at the time of the accident [the worker] was not in the immediate vicinity of the truck which was between one and four blocks away").

Protective also argues that an individual is not occupying their vehicle when they "exit[] from a SUM-insured car so that the person can conduct business or perform job-related responsibilities." Dkt. 33 at 13. Protective cites *Gallaher v. Republic Franklin Ins. Co.*, 896 N.Y.S.2d 274 (4th Dep't 2010) and *J. Lawrence Construction Corp. v. Republic Franklin Ins. Co.*, 43 N.Y.S.3d 452 (2d Dep't 2016). In *Gallaher*, a volunteer firefighter exited a fire truck to direct traffic away from the scene of an accident when he was struck. 896 N.Y.S.2d at 275. The court held that the plaintiff was not "occupying" the vehicle because his "conduct in directing traffic was unrelated to the truck and was not incidental to his exiting it." *Id.* (cleaned up).

In *J. Lawrence*, the plaintiff parked his vehicle and walked across the street to retrieve documents from his office on the second floor of the building. 43 N.Y.S.3d at 454. After retrieving the documents and while walking back to the insured vehicle, he was struck. *Id.* The court held that because the plaintiff's "leaving the insured vehicle was not a temporary break in his journey such that he remained in the immediate vicinity of the insured vehicle," he was no longer "occupying" the vehicle at the time of the accident. *Id.*; *see also In re Martinez*, 744 N.Y.S.2d 176, 177 (1st Dep't 2002) (tow truck driver was not "occupying" his vehicle at the time of an accident because "his absence from the truck was not intended to be brief and his immediate purpose was to attend to the disabled vehicle as a necessary incident to his employment").

But these cases do not establish that an individual who exits their vehicle to perform a function related to their job automatically stops being an "occupant" of their vehicle. Unlike the cases above, Polanco's job duties were vehicle-oriented insofar as he was delivering packages from his vehicle, and he intended to resume his place in the vehicle "[u]pon completion of the objective of the delivery." Dkt. 34-1 at 7. He remained in the immediate vicinity of the vehicle: Polanco was "approximately 5-feet" from the back of the truck he had driven. And unlike in *J. Lawrence,* the length of Polanco's stay was temporary. He had a set number of deliveries to make and parked "in a zone for commercial vehicles with a limited stopping time." *Id.* at 6.

Since several facts indicate that Polanco was "occupying" the SUM vehicle at the time of the accident, summary judgment in favor of Protective is inappropriate.

## CONCLUSION

For these reasons, Protective's motion is DENIED. The parties should file a joint letter no later than August 2, 2024, proposing dates for trial in September or October.

The Clerk of Court is directed to close Dkt. 31.

SO ORDERED.

Dated: July 24, 2024
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge